IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KARL C. MITCHELL,**

    Plaintiff,

v.                                                             Civil Action No. **3:22CV783**

**COMMONWEALTH OF VIRGINIA,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

Karl C. Mitchell, a Virginia inmate, filed this civil action. The matter was originally assigned to the Honorable Liam O'Grady, United States District Judge, in the Alexandria Division of the United States District Court for the Eastern District of Virginia. Upon the departure of Judge O'Grady, the action was reassigned to the undersigned and transferred to the Richmond Division. The matter is before the Court on the Motion for Reconsideration filed by Mitchell. For the reasons set forth below, the Motion for Reconsideration (ECF No. 17) will be DENIED and the action will be DISMISSED.

**I. Procedural History**

In his original complaint (ECF No. 1), Mitchell brought claims against the Commonwealth of Virginia and J.G. Wright, a detective for the Commonwealth, asserting violations of his constitutional rights under 42 U.S.C. § 1983 and his rights under the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12132–33. By Order entered on April 5, 2022, the Court concluded, *inter alia*, that Mitchell failed to state a viable claim for a violation of his constitutional rights under the 42 U.S.C. § 1983 or a viable claim under the ADA. (ECF No. 4, at 1–4.)

Nevertheless, the Court granted Mitchell thirty (30) days from the date of entry thereof to submit an appropriate amended complaint. (*Id.* at 4–5.)

After receiving an extension of time, on June 8, 2022, Mitchell submitted a Motion for Leave to File a Supplemental Civil Rights Complaint (ECF No. 10) and the Proposed Amended Complaint (ECF No. 10-1). By Order entered on October 23, 2022, the Court concluded, *inter alia*, that the claims in Mitchell's Proposed Amended Complaint were not properly joined and denied Mitchell's Motion for Leave to File a Supplemental Civil Rights Complaint. (ECF No. 15, at 2–5.) Specifically, the Court stated:

> Mitchell alleges that he is regarded as having antisocial personality disorder by the Commonwealth of Virginia. Because of that perceived disability, Mitchell alleges, "Virginia has committed [him] to correctional institutions at least six times since 2002, asserting that [he] posed a substantial risk of harm to [himself], and to . . . others." *See* Proposed Amended Compl. ¶ 12. He brings related § 1983 claims based on the processes used to commit him, including compulsory self-incrimination, malicious prosecution, and other violations of due process. He brings additional § 1983 claims based activity that occurred during his incarceration, including failure to protect, sexual assault, and unconstitutional conditions of confinement.
> 
> Mitchell attempts [sic] the link the claims based on his prosecution and the claims based on his incarceration through the ADA regarded-as claim. He contends that the violations of his constitutional rights occurred during his confinement, and that the Commonwealth had "confin[ed] [him] for manifestations of antisocial behavior, and thus by reason of [his] perceived disability." *See Id.* ¶ 13.
> 
> Leave to amend shall be denied. A motion to amend a complaint cannot be granted when, as here, the proposed amendments would violate Federal Rule of Civil Procedure 20. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). Rule 20 applies when a plaintiff seeks to bring in one lawsuit multiple claims against multiple defendants, and provides in pertinent part:
>
>> (2) *Defendants.* Persons . . . may be joined in one action as defendants if:
>>
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>>
>> (B) any question of law or fact common to all defendants will arise in the action.

> Fed. R. Civ. P. 20(a)(2). Thus, "Rule 20 does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." *Sykes v. Bayer Pharmaceutical Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks, brackets, and citation omitted).
>
> Here, the claims related to Mitchell's prosecution and the claims related to his incarceration do not arise out of the same transaction, occurrence, or series of transactions or occurrences. "[T]wo claims arise from the same transaction–and therefore can be joined in the same action–when there is a "logical relationship' between them." *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (citing *In re EMC Corp.*, 677 F.3d 1351, 1357–58 (Fed. Cir. 2012) and *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622-23 (8th Cir. 2010)). A logical relationship may be found when the proposed complaint alleges a "consistent pattern" of malfeasance among the named defendants. *See M.K v. Tenet*, 216 F.R.D. 133, 142 (D.D.C. 2002). There is no consistent pattern of malfeasance alleged in the proposed amended complaint. Instead, Mitchell alleges (1) that his prosecution was infected because he was regarded as having a disability; and (2) that during his subsequent confinement–which was imposed because of his perceived disability– his constitutional rights were violated. Adopting Mitchell's logic would allow a prisoner to bring any claims related to his prosecution along with any claims related to his pretrial or post-judgment confinement because the latter only occurred because of the former. Generally, events occurring during a person's prosecution implicating some defendants, and events occurring during incarceration implicating other defendants, are not sufficiently related to bring in one civil action. And because Mitchell has not presented any true pattern of unconstitutional behavior among the defendants, leave to amend must be denied.

(*Id.* at 2–4 (alterations in original).) Nevertheless, the Court again granted Mitchell permission to file a second amended complaint within thirty (30) days of the date of entry thereof. (*Id.* at 5.) The Court further warned Mitchell that if a second amended complaint was not received within thirty (30) days of the date of entry thereof the Court would dismiss the action. (*Id.*)

Instead of submitting a proper second amended complaint, on November 2, 2022, Mitchell submitted a Motion for Reconsideration and a Notice of Appeal. (ECF No. 17.)

## II. Analysis of the Motion for Reconsideration

Initially, Mitchell contends that the Court incorrectly determined that his claims were misjoined. The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test'

3

of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act] include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug. 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08CV00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)). Here, Mitchell submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, No. 3:09cv43, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). As the Court observed in its October 23, 2022 Order:

> There is no consistent pattern of malfeasance alleged in the proposed amended complaint. Instead, Mitchell alleges (1) that his prosecution was infected because he was regarded as having a disability; and (2) that during his subsequent confinement—which was imposed because of his perceived disability—his constitutional rights were violated. Adopting Mitchell's logic would allow a prisoner to bring any claims related to his prosecution along with any claims related to his pretrial or post-judgment confinement because the latter only occurred because of the former. Generally, events occurring during a person's prosecution implicating some defendants, and events occurring during incarceration implicating other defendants, are not sufficiently related to bring in one civil action.

(ECF No. 15, at 3–4.) The Court appropriately concluded that Mitchell's claims were not properly joined. Accordingly, Mitchell's Motion for Reconsideration (ECF No. 17) will be DENIED.

### III. Conclusion

Mitchell failed to comply with the Court's directive to submit an appropriate second amended complaint within thirty (30) days of the entry of the October 23, 2022. The Court warned Mitchell that the action would be dismissed if Mitchell did not comply with that directive. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Mitchell's Motion for Status (ECF No. 20) will be DENIED AS MOOT.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Date:  January 12, 2023
Richmond, Virginia